## J. A. SCOTT v. STATE.

No. A-9769.  Dec. 4, 1940.
(108 P. 2d 189.)

Darnell & Gibson, of Clinton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Milton Keen, Co. Atty., of Clinton, for defendant in error.

JONES, J. The defendant J. A. Scott was charged in the county court of Custer county with the offense of driving a car in a careless and reckless manner, was tried, convicted and adjudged to pay a fine of $10 and costs, and has appealed to this court.

The only assignment of error that we need to consider is the contention of the defendant that the court erred in not sustaining his demurrer to the evidence and advising the jury to return a verdict of not guilty at the close of the state's case.

When this case came on for oral argument, the Attorney General appeared for the state and confessed error, and agreed that the evidence of the state was wholly insufficient to support the offense named in the information. Later, upon application of the county attorney, the county attorney was granted permission to file a brief supporting the state's theory of the case.

We have carefully gone over the record herein and thoroughly considered the statements and argument set forth in the brief filed by the county attorney; but we think the Attorney General was absolutely correct; and that under the state of record, it was his duty as Attorney General, where the evidence is wholly insufficient as herein, to confess error and allow the cause to be reversed and the action dismissed.

The information filed against the defendant is as follows:

"Now comes Milton Keen, county attorney, in and for the county and state aforesaid, duly authorized and empowered to inform of all offenses committed and triable therein, and gives the court to know and be informed that one J. A. Scott late of the county of Custer and State of Oklahoma on or about the 15th day of December in the year of our Lord one thousand nine hundred and thirty-eight, (1938), at and within the said county and state did then and there commit the offense of driving a car in a careless and reckless manner in manner and form as follows, to wit: that on or about the date aforesaid, in the county and state aforesaid, the said J. A. Scott then and there being did then and there willfully, unlawfully and wrongfully drive and operate an automobile vehicle in a careless and reckless manner and without due (care) for the safety of the people or their property and in such manner as to endanger the life and limbs and property of other persons and the safety of their property and did drive an automobile to wit: 1935 Buick sedan upon highway No. 66 without looking to see if other cars were driving upon said highway did drive directly in the path of other cars and at a greater speed than would permit the said J. A. Scott to bring said automobile to a stop within the assured clear distance ahead, contrary to the form of the statutes in said case made and provided; and against the peace and dignity of the State of Oklahoma."

The state introduced only two witnesses. Two highway patrolmen learned of the wreck 10 or 15 minutes after it happened and drove to where the collision had occurred.

Dee Coley testified that he had been a highway patrolman about two years; that in the afternoon of December 15, 1938, he saw the defendant J. A. Scott about three-fourths of a mile east of Clinton on U. S. Highway 66; that there were also present two carloads of people, one group from California, the other from Oklahoma City; that there had been an accident; that when he got to the scene of the accident, he found Mr. Wallace's car from Oklahoma City had collided with two other cars; Mr.

Wallace's car had turned over on its top on the paving; it had hit the car from California, which was going east, and some of the passengers were scratched and bruised. The defendant's car was parked off the paving on the north side; and witness was told that it had collided with Mr. Wallace's car; that he examined tracks and skid marks, and ascertained that the California car, coming from the west, and the Wallace car, coming from the east, had collided; that Mr. Wallace's car had struck the rear bumper of the defendant's car, and then collided with the California car; that Mr. Scott's car had been driven on down the road and off the paving, where it had stopped; that at the spot Scott had pulled onto the paving from his driveway a clear view could be had to the west for about one-half mile, and to the east for about 300 yards. He did not see the accident, but arrived at the scene about 10 or 15 minutes after it occurred; and his testimony is based upon skid marks and tracks which he saw, and statements concerning the wreck made to him by the parties which he found upon his arrival; that the defendant told him that he had plenty of time to pull on the paving, but the car from the east was driving too fast.

Cecil A. Peevey testified that he was a highway patrolman, who was stationed at Clinton on December 15, 1938; that he did not see the accident in which the defendant and a Mr. Wallace and the people from California were involved, but that he was informed of the wreck and arrived at the scene about 15 minutes thereafter. His testimony as to the skid marks and tracks was in substance the same as that of the other patrolman.

The state rested its case at the conclusion of the testimony of these two witnesses; and it is the failure of the court to sustain a demurrer to the state's evidence and his refusal to advise the jury to return a verdict of not

guilty upon conclusion of the state's case that is the basis for the assignment of error urged upon this appeal.

The statute under which this prosecution was instituted is section 14, ch. 113, 1933 Session Laws of Oklahoma, 47 Okla. St. Ann. § 92, which reads as follows:

"Section 14. That section 10323, Oklahoma Statutes, 1931, be and the same is hereby amended to read as follows:

" 'Section 10323. Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead. Provided, no motor bus or other motor vehicle transporting passengers for hire shall be driven upon any public highway of this state at a rate of speed in excess of forty-five (45) miles per hour.

" 'Any person violating the provisions of this section shall be guilty of a misdemeanor and shall, upon conviction, be fined not less than ten dollars ($10.00) and not more than one hundred dollars ($100.00), or imprisoned in the county jail for not less than ten (10) days nor more than (30) days, or by both such fine and imprisonment. Provided, that it shall be unlawful for any arresting officer to participate in or receive any portion of the fines or fees collected from any persons under this section.' "

Under this statute, the proof upon the part of the state must show the defendant guilty of culpable negligence in the operation of his automobile. The state's case, of course, is based upon the theory that there was a wreck, and that the defendant's alleged negligence in driving his automobile onto the highway caused the wreck, and was in violation of the statute.

Not an eyewitness testified. The proof of the highway patrolmen wholly fails to show that degree of culpable negligence on the part of the defendant which is necessary to constitute a crime under this statute.

After the court had overruled the demurrer to the evidence, the defendant and two other witnesses testified for the defense.

In the brief filed by the county attorney, he insisted that the conviction should be affirmed because of certain damaging admissions made by the defendant in the trial of the case in his own defense.

However, in considering the only assignment of error urged here on appeal, which is the failure of the state to make a prima facie case, this court can only give consideration to the evidence introduced by the state, to which the demurrer was directed.

Since the proof introduced on behalf of the state was wholly insufficient to establish culpable negligence on the part of the defendant in the operation of his automobile, the court should have sustained the demurrer interposed by the defendant at the close of the state's case and discharged the defendant.

For the reasons above stated, the confession of error by the Attorney General is sustained, and the judgment of the county court of Custer county is reversed, and the defendant is hereby discharged.

DOYLE, P. J., and BAREFOOT, J., concur.