**Leroy L. CHAPPELL, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15439.**

Court of Criminal Appeals of Oklahoma.

Nov. 12, 1969.

**326**

Jack E. Gordon, Claremore, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Jr., Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Leroy L. Chappell, hereinafter referred to as defendant, was charged with the offense of Careless Driving in violation of 47 O.S. § 11-801. He waived a jury trial and was tried by the court. At the conclusion of the testimony of the State's single witness, an Oklahoma Highway Patrolman, not present at the time of the accident, the defendant demurred to the evidence which was overruled by the court. The defendant stood on his Demurrer and the trial court found the defendant guilty and assessed a fine and costs. A timely appeal has been perfected to this Court.

We deem it unnecessary to set forth the testimony of Officer Jones, suffice it to say that the evidence wholly failed to establish any culpable negligence of the defendant in the operation of his motor vehicle and this falls squarely within the rule enunciated in Scott v. State, 71 Okl. Cr. 54, 108 P.2d 189, wherein this Court held in the first paragraph of the Syllabus:

"In a prosecution for driving an automobile upon a public highway in a careless and reckless manner, where there are no facts introduced by the State to establish culpable negligence on the part of the defendant in the operation of his automobile, it is error for the trial court to deny a motion to instruct the jury to return a verdict of not guilty at the close of the State's case."

We believe that this rule has equal application when, as in the instant case, the court acted as the trier of the facts in the absence of the jury, and that the trial court erred in failing to sustain the defendant's Demurrer to the evidence.

This case is reversed and remanded with instructions to dismiss.

BRETT, P. J., and NIX, J., concur.